<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SCOTT ALBERG, | Civil Action No. 17-12564 (SRC) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Scott M. Alberg ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning June 18, 2013. A hearing was held before ALJ Sharon Allard (the "ALJ") on September 8, 2016, and the ALJ issued an unfavorable decision on November 28, 2016, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of November 28, 2016, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings.   At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations.   At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work.   At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.   The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on a number of grounds, but this Court need only reach the argument that succeeds: the residual functional capacity determination at step four is not supported by substantial evidence.

Plaintiff contends that the ALJ rejected the opinions of Plaintiff's treating physician, Dr. Horowitz, with only a conclusory statement that they were not supported by the record.   Plaintiff argues that the ALJ failed to provide adequate reasons for rejecting a treating physician's opinion, which warrants a reversal.   In support, Plaintiff cites a number of cases, as well as S.S.R. 96-8(p) and 20 C.F.R. § 404.1527.   In opposition, the Commissioner states: "Contrary to Plaintiff's contention, the ALJ considered all of the evidence of record and thoroughly discussed her reasoning for the RFC assessment and the weight given to Plaintiff's physician Steven Horowitz, M.D."   (Opp. Br. 5.)   The Commissioner's opposition brief then proceeds to muster the evidence of record that, the Commissioner contends, supports the ALJ's decision.

In short, Plaintiff is correct, and the Commissioner is not.   The place to begin is with what the ALJ actually wrote.   What follows is the ALJ's discussion of the opinion of Dr.

Horowitz, presented in its entirety:

> The severity of limitations indicated by the claimant's treating physician, Steven Horowitz, M.D., are not supported by the record. Moreover, his conclusory findings that the claimant will likely have four unscheduled work absences a month are unsupported. It should be noted that, although his findings indicating limitations for standing or walking for no longer than two hours during an eight hour workday are supported by the record, Dr. Horowitz proffers no evidence to support this finding. Likewise, his conclusory assessments that the claimant is limited to sitting for no longer than one hour at a time, and that the claimant would be off task for 25% of a typical workday, are unsupported (Exhibit 8F).

(Tr. 22.) This Court finds that Plaintiff's characterization of this paragraph is more accurate than the Commissioner's. Indeed, but for the acknowledgement that some aspects of the opinion *are* supported by the record, the paragraph contains only versions of the statement that Dr. Horowitz's opinion is not supported by the record. The Commissioner's assertion that the ALJ "thoroughly discussed" the weight given to Dr. Horowitz is not supported by what the ALJ actually wrote.

The next question to consider is: what does the law require an ALJ to do when rejecting a treating physician's opinion? Plaintiff's brief cited a number of authorities in support of his argument that the ALJ's explanation is legally insufficient. The Commissioner, on the other hand, did not address Plaintiff's citations, nor the question of what the law requires.

Plaintiff aptly cites the Third Circuit's decision in Morales, which held:

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled. In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only

>  on the basis of contradictory medical evidence and not due to his or her own
>  credibility judgments, speculation or lay opinion.

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted).   The ALJ's treatment of Dr. Horowitz's opinion fails to meet the requirements stated in Morales.   The ALJ did not reject the opinion of Dr. Horowitz on the basis of contradictory medical evidence.   Rather, the ALJ relied only on her lay opinion of the medical records.   The ALJ rejected the opinion of Dr. Horowitz for the wrong reason, to use the language of Morales: the ALJ's conclusory lay opinion that a treating physician's opinion is not supported by the medical evidence, with no explanation of the contradictory medical evidence which justifies the ALJ's opinion, does not constitute substantial evidence.   Under Third Circuit law, this constitutes reversible error.

Nor can it be said that the ALJ rejected the treating physician's opinion on the basis of the medical opinions offered by the state agency reviewers.   In fact, the ALJ rejected the opinions of the state agency reviewers as well.   Again, the ALJ's discussion is presented here in its entirety:

> Partial weight shall be afforded to the District Disability Services medical consultants' determinations. Although the record supports a finding for a sedentary residual functional capacity, thus contradicting the DDS consultants' findings, their nonexertional limitations for climbing, sitting and standing are generally supported (Exhibits 2A, 3A).

(Tr. 22.)   The ALJ here stated: 1) that the state agency reviewers were wrong in their assessment of residual functional capacity; but 2) they were right about the nonexertional limitations for climbing, sitting and standing.   The ALJ thus cited no medical opinion that Plaintiff retains the residual functional capacity to perform work at the sedentary level.   The decision does not provide a reasonable basis for crediting any of the medical opinions of record.   The only possible explanation for the ALJ's determination that Plaintiff retains the residual functional

4

capacity for sedentary work is that the ALJ made speculative inferences from medical reports and arrived at her own lay opinion about what the medical evidence demonstrated.

In the absence of any medical opinion that Plaintiff retains the residual functional capacity to perform work at the sedentary level, this Court can only conclude that the ALJ's residual functional capacity determination is based solely on the ALJ's lay opinion about the medical evidence. Morales expressly prohibits this. This Court finds that the ALJ's residual functional capacity determination is not supported by substantial evidence. To the contrary, it is supported only by lay opinion that is prohibited under Third Circuit law.

The Commissioner's opposition brief attempts to compensate for the deficiencies in the ALJ's reasoning by presenting argument and evidence that the ALJ might have made, but didn't. This after-the-fact attempt to patch the holes in the ALJ's decision does not alter what the ALJ actually wrote and cannot be used to erase the ALJ's errors. The Commissioner thus urges this Court to consider evidence, not cited by the ALJ, as substantial evidence in support of the ALJ's determination. Third Circuit law on this issue is very clear: this Court may not consider evidence not mentioned by the ALJ. In Fargnoli v. Halter, 247 F.3d 34, 44 n.7 (3d Cir. 2001), the Third Circuit vacated the district court's affirmance of the ALJ's decision and ordered a remand, holding as follows:

> The District Court, apparently recognizing the ALJ's failure to consider all of the relevant and probative evidence, attempted to rectify this error by relying on medical records found in its own independent analysis, and which were not mentioned by the ALJ. This runs counter to the teaching of *SEC v. Chenery Corporation*, 318 U.S. 80, 87 L. Ed. 626, 63 S. Ct. 454 (1943), that "the grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."

The Commissioner here invites this Court to consider evidence not cited by the ALJ. This is not

5

permissible under Fargnoli.

      For these reasons, this Court finds that the Commissioner's decision is not supported by substantial evidence. The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                  s/ Stanley R. Chesler
                                          STANLEY R. CHESLER, U.S.D.J.

Dated: May 1, 2020